**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

<pre>
LARRY JAMAIL MITCHELL,        *
# 16712-003,                  *
                              *
      Petitioner,             *
                              * CRIMINAL NO. 16-00256-WS-B
vs.                           * CIVIL ACTION NO. 18-00373-WS-B
                              *
UNITED STATES OF AMERICA,     *
                              *
      Respondent.             *
</pre>

## REPORT AND RECOMMENDATION

Pending before the Court are Petitioner Larry Jamail Mitchell's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 39), and Mitchell's supplements thereto (Docs. 44, 48). This matter has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Proceedings, and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon consideration, the undersigned

---

[1] The Honorable United States District Judge William H. Steele presided over the proceedings in this action. The undersigned has reviewed Mitchell's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Steele.

[2] A district court is not required to hold an evidentiary hearing on patently frivolous claims, claims that are based upon unsupported generalizations, or claims that are affirmatively

hereby recommends that Mitchell's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **DENIED,** that this action be **DISMISSED with prejudice,** and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Larry Jamail Mitchell. In the event Mitchell requests a certificate of appealability and seeks to appeal *in forma pauperis*, the undersigned recommends that said requests be **DENIED.**

## I.   PROCEDURAL BACKGROUND

Mitchell was indicted in December 2016 and charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One), and with possession of a mixture and substance containing cocaine base in violation of 21 U.S.C. § 844(a) (Count Two). (Doc. 1). He later pled guilty to Count One of the indictment pursuant to a written plea agreement. (Docs. 18, 36).

Prior to Mitchell's sentencing, the United States Probation Office generated a draft presentence investigation report ("PSR"), which detailed Mitchell's extensive criminal history, among other things. (Doc. 19). The PSR reflected that Mitchell had "at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions." (Id. at 5). These included a 1973 Alabama conviction for assault

---

contradicted by the record.   Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).

with intent to murder; a 1992 Alabama conviction for unlawful distribution of a controlled substance (cocaine); and a 2009 Alabama conviction for second-degree assault.[3] (See id. at 5-6, 9-11). As a result of these prior convictions, the PSR classified Mitchell as an armed career criminal subject to an enhanced sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Id. at 5).

Mitchell's defense counsel objected to the PSR's designation of Mitchell as an "armed career criminal." (Doc. 20). He asserted that Mitchell's three prior second-degree burglary convictions and his prior second-degree assault conviction were not violent felonies under the ACCA; therefore, they could not be relied upon to enhance Mitchell's sentence under the statute. (Id. at 2-5). With respect to Mitchell's prior second-degree assault conviction, Mitchell's counsel asserted that it was not clear from the PSR whether the ACCA's residual clause, which the United States Supreme Court had determined to be unconstitutionally vague in Johnson v. United States, 576 U.S. 591, 597 (2015), was being used to define the offense as a violent felony under the ACCA. (Id. at 4-5).

---

[3] Count One of the indictment, to which Mitchell pled guilty, alleged that Mitchell had "been convicted of . . . Assault, Second Degree on August 20, 2009, in the Circuit Court of Baldwin [County], Alabama, case number 2009-380; and, Unlawful Distribution of a Controlled Substance on August 24, 1992, in the Circuit Court of Baldwin County, Alabama, case number 1992-230[.]" (Doc. 1 at 1).

The Probation Office filed an addendum to the PSR addressing the objections raised by Mitchell's counsel. (Doc. 22). The addendum clarified that Mitchell's classification as an armed career criminal was based on his prior convictions for assault with intent to murder, unlawful distribution of a controlled substance (cocaine), and second-degree assault, not his second-degree burglary convictions. (Id. at 1). The addendum further asserted that Mitchell's conviction under Alabama's second-degree assault statute qualified as a violent felony under the ACCA statute's valid elements clause, as opposed to the void residual clause.[4] (Id.).

At Mitchell's sentencing hearing on June 20, 2017, his attorney acknowledged that it was now clear that Mitchell's prior convictions for assault with intent to murder, unlawful distribution of a controlled substance, and second-degree assault were the bases for his classification as an armed career criminal under the ACCA. (Doc. 33 at 3-4). Nonetheless, Mitchell's counsel continued to object to Mitchell's armed career criminal designation on the ground that there was no binding precedent categorically classifying second-degree assault in Alabama as a "violent felony" under the ACCA. (Id. at 4). Mitchell's counsel asserted that Alabama's second-degree assault statute is

_____

[4] The addendum to the PSR referred to the ACCA's elements clause as the "force clause." (See Doc. 22 at 1).

indivisible and does not categorically qualify as an ACCA predicate offense under the statute's elements clause. (<u>Id.</u> at 4-5).

After the Government reiterated its position as stated in the PSR, the court held that "Alabama's assault second degree statute is a crime of violence under the force clause in that it clearly indicates that assault second degree has an element of the use – attempted use or threatened use of physical force against a person as required by the statute, making Mr. Mitchell an armed career criminal." (<u>Id.</u> at 6, 8-9). The court further stated that "I don't hear that there's a specific objection with regard to the assault with intent to murder conviction outlined in Paragraph 25 [of the PSR] or Mr. Mitchell's prior unlawful distribution of a controlled substance conviction as outlined in Paragraph 40 [of the PSR]." (<u>Id.</u> at 9). The court therefore overruled Mitchell's objection to the use of his second-degree assault conviction as an ACCA predicate, found Mitchell to be an armed career criminal within the meaning of the ACCA, and sentenced Mitchell to the statutory mandatory minimum term of fifteen years in prison.[5] (<u>Id.</u> at 9-10, 12-13).

---

[5] The ACCA mandates an enhanced prison term of at least fifteen years for any defendant convicted of being a felon in possession of a firearm who has at least three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" <u>See</u> 18 U.S.C. § 924(e)(1).

Mitchell appealed his judgment and sentence.[6] (Doc. 26). Mitchell's appointed appellate counsel raised one primary issue on appeal, arguing that Mitchell's second-degree assault conviction did not qualify as a "violent felony" under the ACCA. _See_ Counsel's Response to Appellant's Letter of Inquiry, United States v. Mitchell, No. 17-12861-JJ, (11th Cir. Mar. 7, 2018).[7] Upon review, the Eleventh Circuit analyzed Alabama's second-degree assault statute and determined that it is "divisible" because it sets out the elements of the offense in the alternative, thus permitting the use of the "modified categorical approach" to determine which crime Mitchell was convicted of committing. (Doc. 37 at 5-6). The court noted that based on the indictment, which was quoted in the addendum to the PSR and not objected to by Mitchell, Mitchell was convicted under Ala. Code. § 13A-6-21(a)(2), under which a person can only commit second-degree

---

[6] In his plea agreement, Mitchell waived most of his appellate rights. (_See_ Doc. 36 at 12-13). However, he specifically reserved the right to appeal the enhancement of his sentence under the ACCA. (_Id._ at 13; Doc. 33 at 7).

[7] Mitchell attempted to file supplements to his appellate counsel's brief and raise other issues, including ineffectiveness of counsel and attacks on the other two ACCA predicate offenses. _See_ Counsel's Response to Appellant's Letter of Inquiry, United States v. Mitchell, No. 17-12861-JJ, (11th Cir. Mar. 7, 2018). These _pro se_ documents were rejected and returned to Mitchell unfiled because he was represented by counsel. _Id._ It appears that Mitchell has taken the supplemental briefs that he attempted to submit to the Eleventh Circuit and, after scribbling out the titles and some information in the captions of the documents, inserted them into his instant § 2255 motion. (_See_ Doc. 39 at 5-14, 17-19).

assault "by 'means' of a deadly weapon or dangerous instrument[.]" (Id. at 6) (citing Ala. Code. § 13A-6-21(a)(2)).[8]

After determining that Mitchell was convicted under § 13A-6-21(a)(2), the Eleventh Circuit applied the categorical approach to the language in that subsection. The court noted that a conviction for "the least of the acts criminalized" under § 13A-6-21(a)(2) "requires the use of a dangerous instrument." (Id.). Because, under Alabama law, a dangerous instrument must be "highly capable of causing death or serious injury," the court found that Mitchell's conviction under § 13A-6-21(a)(2) necessarily required proof of the use of physical force. (Id.). Thus, the Eleventh Circuit determined that Mitchell's second-degree assault conviction qualified as a violent felony under the ACCA's elements clause, and that "because Mitchell has three qualifying convictions, the district court did not err in concluding that the ACCA enhancement applied to him." (Id. at 6-7). The court also rejected Mitchell's related argument that Alabama's second-degree assault statute is overbroad. (Id. at 7 n.1). Mitchell did not petition the United States Supreme Court for a writ of certiorari.

---

[8] The Eleventh Circuit noted that, according to the indictment, which was referenced in the PSR, Mitchell intentionally caused physical injury with a deadly weapon by shooting the victim in the head with a gun. (Doc. 37 at 6).

On August 15, 2018,[9] Mitchell, proceeding *pro se*, filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 39). The Government filed a response in opposition to Mitchell's motion. (Doc. 41).[10] Mitchell's § 2255 motion is now ripe for review.

## II. <u>HABEAS STANDARD</u>

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." <u>Frady</u>, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. <u>United States v. Addonizio</u>, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but

---

[9] Under the mailbox rule, "a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the date of delivery is assumed to be the date the prisoner signed the motion. <u>Id.</u>; (<u>see</u> Doc. 39 at 29).

[10] Because Mitchell's motion for permission to file a successive § 2255 motion (Doc. 44) and second motion to vacate (Doc. 48) were filed while the instant § 2255 motion was still pending, the Court is treating those documents (Docs. 44, 48) as supplements to Mitchell's original § 2255 motion (Doc. 39).

not to duplicate hearings.  The appellate process does not permit reruns." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979).

<u>United States v. Evans</u>, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008 WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008).

### III. <u>DISCUSSION</u>

In his § 2255 motion, Mitchell once again challenges the enhancement of his sentence under the ACCA, asserting that none of the three prior Alabama convictions used to establish his status as an armed career criminal qualify as ACCA predicates. (<u>See</u> Doc. 39 at 10, 13).  First, Mitchell argues that the district court found his prior convictions to be ACCA predicates pursuant to the unconstitutionally vague residual clause of § 924(e)(2)(B)(ii). (<u>Id.</u> at 9).  Second, Mitchell asserts that his prior convictions do not qualify as ACCA predicates under 18 U.S.C. § 924(e)(2)(B)'s elements or enumerated clauses.  (<u>Id.</u> at 7, 10-13).  Third, Mitchell contends that the Alabama second-degree assault statute is overbroad.  (<u>Id.</u> at 12).  Fourth, Mitchell claims that the use of his prior Alabama convictions to enhance his federal sentence under the ACCA amounts to unconstitutional "multi punishment" for "pas[t] crimes."  (<u>Id.</u> at 20).

Mitchell also claims ineffective assistance of counsel, asserting that his attorney was ineffective "for not raising that courts judgements deprived Defendant of his 5th 14th Amendment Due Process Clause and Double Jeopardy," for failing to object to his

PSR, for "coer[cing]" him into pleading guilty with the promise of a seventy-month prison sentence, and for failing to "object to the stacking" of his sentence. (Id. at 14, 20; Doc. 48 at 4, 8).

**A. Mitchell's claims challenging the use of his Alabama second-degree assault conviction as an ACCA predicate are procedurally barred and without merit.**

The Government argues that the law-of-the-case doctrine bars Mitchell's challenge to the use of his Alabama second-degree assault conviction as an ACCA predicate, because the issue was already decided adversely to Mitchell on direct appeal. (Doc. 41 at 3-4). A district court is not required to reconsider issues raised in a § 2255 motion that were raised and resolved on direct appeal. Thomas v. United States, 572 F.3d 1300, 1304 (11th Cir. 2009). Indeed, "[o]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1300, 1343 (11th Cir. 2009) (quotation omitted).

However, the Eleventh Circuit has "never applied the law-of-the-case doctrine by name to a motion to vacate a prisoner's sentence that raises again an argument raised earlier in a prisoner's direct appeal." Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014). The Eleventh Circuit has found the discretionary law-of-the-case doctrine "unfit to describe the interplay between claims raised in a direct appeal and those raised in a collateral proceeding attacking a final judgment." Id. at

1240. Instead of adopting law-of-the-case terminology, the Eleventh Circuit has held that a prisoner is "procedurally barred" from relitigating an issue in a motion to vacate his sentence that was already raised on direct appeal. Id. at 1242.

As noted *supra*, Mitchell argued on direct appeal that the district court erred in finding that his second-degree assault conviction qualified as a violent felony under the ACCA, and that Alabama's second-degree assault statute is overbroad.[11] The Eleventh Circuit considered and rejected these arguments, determining that the district court did not err in finding Mitchell's Alabama second-degree assault conviction to be a "violent felony" under the elements clause of § 924(e)(2)(B) and thus applying the ACCA enhancement. (See Doc. 37).

Despite its use of "law-of-the-case" terminology, the Government essentially argues that Mitchell's collateral attack on the use of his second-degree assault conviction as an ACCA predicate is barred because Mitchell raised the same issues on direct appeal and received an adverse ruling. (See Doc. 41 at 3-4). Indeed, because Mitchell unsuccessfully challenged the use of his second-degree assault conviction as an ACCA predicate on direct appeal, he cannot relitigate that issue under § 2255. Accordingly,

---

[11] The Eleventh Circuit noted that Mitchell's argument that Alabama's second-degree assault statute is overbroad appeared to be based on the premise that the statute is indivisible, a premise that the court rejected. (See Doc. 37 at 7 n.1).

Mitchell's claims that his Alabama second-degree assault conviction does not qualify as a violent felony under the ACCA and that the Alabama second-degree assault statute is overbroad are procedurally barred. Moreover, Mitchell's claims are without merit, for the reasons set forth by the Eleventh Circuit in his direct appeal. (See Doc. 37).

**B.  Mitchell's claims that his prior convictions for assault with intent to murder and unlawful distribution of a controlled substance do not qualify as ACCA predicate offenses are without merit.**

Mitchell also challenges the use of his prior state court convictions for assault with intent to murder and unlawful distribution of a controlled substance as ACCA predicates. First, Mitchell asserts that these offenses were found to be ACCA predicates under 18 U.S.C. § 924(e)(2)(B)(ii)'s unconstitutionally vague residual clause. (See Doc. 39 at 9). Second, Mitchell contends that these offenses did not qualify as violent felonies under § 924(e)(2)(B)'s elements or enumerated clauses. (See id. at 7, 10-13).

The record reflects that Mitchell attempted to supplement his counsel's appellate brief to attack the use of his prior convictions for assault with intent to murder and unlawful distribution of a controlled substance to support his sentence enhancement under the ACCA. While the appellate opinion states that "Mitchell has three qualifying convictions," it does not

appear that the Eleventh Circuit actually considered a challenge by Mitchell to any ACCA predicate offense other than the second-degree assault conviction. (See Doc. 37).

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn, 365 F.3d at 1234. Although the Government asserts that Mitchell's claim relating to his prior conviction for second-degree assault is foreclosed because it was already decided on direct appeal, it does not argue that Mitchell's claims relating to his other two ACCA predicate offenses are procedurally defaulted for failure to raise them on direct appeal.[12] (See Doc. 41 at 3-4). Thus, for this Court to rely on procedural default as a basis to deny Mitchell's claims concerning his two remaining ACCA predicate offenses, it would have to raise the issue *sua sponte*. While a district court may, in appropriate circumstances, raise the issue of a habeas petitioner's procedural default *sua sponte*, it must "first give the parties 'fair notice and an opportunity to present their positions' concerning whether the court should apply the defense." Burgess v. United States, 874 F.3d 1292, 1298 (11th

---

[12] Indeed, the Government does not appear to interpret Mitchell's § 2255 motion, which it accurately notes "is challenging in its manner of organization," as raising claims relating to his other two ACCA predicate offenses. (See Doc. 41).

Cir. 2017) (quoting Day v. McDonough, 547 U.S. 196, 210 (2006)).
Because Mitchell's claims fail on their merits, the Court foregoes
any discussion of procedural default on this issue.

To enhance a sentence of a defendant convicted of being a
felon in possession of a firearm under the ACCA, a sentencing court
must find that the defendant has three previous convictions "for
a violent felony or a serious drug offense, or both, committed on
occasions different from one another[.]" 18 U.S.C. § 924(e)(1).

> The ACCA defines a violent felony as "any crime
> punishable by imprisonment for a term exceeding one
> year" that: (1) "has as an element the use, attempted
> use, or threatened use of physical force against the
> person of another"; (2) "is burglary, arson, or
> extortion [or] involves use of explosives"; or (3)
> "otherwise involves conduct that presents a serious
> potential risk of physical injury to another." 18 U.S.C.
> § 924(e)(2)(B). These three "clauses" are known as the
> "elements clause," the "enumerated clause," and the
> "residual clause," respectively.

Mays v. United States, 817 F.3d 728, 730-31 (11th Cir. 2016) (per
curiam). The Supreme Court in Johnson found § 924(e)(2)(B)(ii)'s
residual clause to be unconstitutionally vague. 576 U.S. at 597.
The Court made clear, however, that an offense could still qualify
as a "violent felony" under the ACCA by meeting the criteria of §
924(e)(2)(B)(i)'s elements clause or § 924(e)(2)(B)(ii)'s
enumerated clause. See id. at 606.

Mitchell raises Johnson claims with respect to all three of
his ACCA predicates. A petitioner raising a Johnson claim contends
that he was sentenced as an armed career criminal under the ACCA's

residual clause.  Beeman v. United States, 871 F.3d 1215, 1220 (11th Cir. 2017).  "To prove a Johnson claim, a movant must establish that his sentence enhancement 'turn[ed] on the validity of the residual clause.'"  Id. at 1221 (citation omitted).  A Johnson violation only occurs where the petitioner would not have been sentenced as an armed career criminal absent the existence of the residual clause.  Id.  A petitioner relying on Johnson must show that it is "more likely than not" that the district court's reliance on the voided residual clause led it to apply an ACCA enhancement.  Id. at 1221-22.

Mitchell also challenges his ACCA predicates pursuant to Descamps v. United States, 570 U.S. 254 (2013), and its progeny. In contrast to a Johnson claim, which argues that a defendant's ACCA sentence enhancement relied on § 924(e)(2)(B)'s defunct residual clause, "a Descamps claim asserts that the defendant was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause" of § 924(e)(2)(B).  Beeman, 871 F.3d at 1220.

### i.  Unlawful Distribution of a Controlled Substance.

To the extent Mitchell raises Johnson and Descamps claims relating to his 1992 conviction for unlawful distribution of a controlled substance, Mitchell's claims are frivolous.  This prior drug distribution conviction qualified as an ACCA predicate not as a "violent felony" as defined in § 924(e)(2)(B), but rather as a

"serious drug offense" as defined in § 924(e)(2)(A)(ii). Thus, the validity of § 924(e)(2)(B)(ii)'s residual clause was irrelevant to the court's determination that Mitchell's 1992 drug conviction qualified as an ACCA predicate. See Beeman, 871 F.3d at 1221. Likewise, the court did not rely on the elements or enumerated clauses of § 924(e)(2)(B), because Mitchell's drug distribution conviction was classified as a serious drug offense as defined in § 924(e)(2)(A). See Lowery v. United States, 2015 WL 1275341, at *6 (S.D. Ga. Mar. 19, 2015) ("'Descamps did not change the definition of serious drug offenses under the ACCA.' Because Petitioner was not classified with any offense under the violent felony portion of the statute, Descamps is not applicable to Petitioner and does not provide a basis for relief.") (internal citation omitted).

The Court notes that Mitchell did not object to the use of his drug conviction as an ACCA predicate either in his sentencing position pleading or before the sentencing court. (See Docs. 20, 33); cf. United States v. Bennett, 472 F.3d 825, 834 (11th Cir. 2006) (per curiam) (holding that "the district court did not err in relying on the undisputed facts in [the defendant's] PSI to determine that his prior convictions were violent felonies under the ACCA" because the defendant's failure to object to the facts regarding his prior convictions as contained in the PSI was deemed an admission of those facts). Moreover, Mitchell admitted the

fact of the prior drug distribution conviction itself by pleading guilty to Count One of the indictment, which specifically alleged that he had "been convicted of . . . Unlawful Distribution of a Controlled Substance on August 24, 1992, in the Circuit Court of Baldwin County, Alabama, case number 1992-230[.]" (See Doc. 1 at 1).

Even if Mitchell had argued to the sentencing court that his prior conviction for unlawful distribution did not qualify as a "serious drug offense" under the ACCA, his argument would have lacked merit. Under the ACCA, a "serious drug offense" under state law includes "distributing . . . a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii). Alabama law provides that a "person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers, or distributes a controlled substance enumerated in Schedules I through V."[13] Ala. Code § 13A-12-211(a). "Unlawful distribution of controlled substances is a Class B felony." Id. at § 13A-12-211(b). The term of imprisonment for a Class B felony in Alabama is "not more than 20 years or less than 2 years." Id. at § 13A-5-6(a)(2). Accordingly, Mitchell's 1992 conviction for unlawful distribution

---

[13] Cocaine is a Schedule II controlled substance. Ex parte Ankrom, 152 So. 3d 397, 430 n.31 (Ala. 2013) (Shaw, J., concurring).

of a controlled substance (cocaine) qualified as a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii). See United States v. Smiley, 263 F. App'x 765, 768-69 (11th Cir. 2008) (per curiam) (finding that prisoner's prior convictions for unlawful distribution of a controlled substance under Ala. Code § 13A-12-211 "meet the definition of a serious drug offense" under § 924(e)(2)(A)(ii)); Thomas v. United States, 2016 U.S. Dist. LEXIS 125506, at *13, 2016 WL 4920046, at *5 (N.D. Ala. Sept. 15, 2016) (same).

### ii. Assault with Intent to Murder.

Mitchell's Johnson and Descamps claims relating to his prior conviction for assault with intent to murder are also devoid of merit. Mitchell cannot show that it is more likely than not that the court used the defunct residual clause, rather than the elements clause, to find his assault with intent to murder conviction a violent felony under the ACCA. Notably, the Supreme Court decided Johnson in June 2015, and Mitchell's sentencing took place two years later. Thus, the law was well established that Mitchell's prior convictions could only qualify as ACCA predicates if they were a "serious drug offense" as defined in § 924(e)(2)(A) or a "violent felony" as defined in the elements or enumerated clauses of § 924(e)(2)(B). Mitchell's counsel stated as much on the record at the sentencing hearing prior to the announcement of Mitchell's sentence. (See Doc. 33 at 5). There is simply no

indication that the court relied on the residual clause, as opposed to the elements clause, to find Mitchell's assault with intent to murder conviction a violent felony under the ACCA.

The Court notes that Mitchell failed to dispute the determination that this offense was a violent felony either in his sentencing position pleading or before the sentencing court. (See Docs. 20, 33). Nor did he object to the facts relating to this conviction that were contained in the PSR, thereby admitting those facts and waiving any arguments contesting those facts. See United States v. Hodges, 186 F. App'x 959, 962 (11th Cir. 2006) (per curiam) (citing United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005)).

Even if Mitchell had argued that his conviction for assault with intent to murder did not qualify as a "violent felony" under the ACCA, the argument would have failed, as the offense indeed qualified as a "violent felony" under the ACCA's elements clause. See Northcutt v. United States, 2017 U.S. Dist. LEXIS 122579, at *23-25, 2017 WL 9470793, at *8 (M.D. Ala. Aug. 2, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 157023, 2017 WL 4269970 (M.D. Ala. Sept. 26, 2017), aff'd, 754 F. App'x 923 (11th Cir. 2018). Therefore, Mitchell's arguments as they relate to this prior conviction provide no basis for relief.[14]

_____

[14] In his August 2019 "Motion for Permission" (Doc. 44), which the Court is treating as a supplement to his § 2255 motion (see Doc.

**C. Mitchell's claim that his ACCA sentence enhancement amounts to unconstitutional "multi punishment" for "pas[t] crimes" is without merit.**

Mitchell also claims that the use of his prior state court convictions to enhance his federal sentence is unconstitutional, because he "has already been arrested, convicted, and served as punishment sentences" for these crimes, thereby rendering his ACCA enhancement "multi punishment" for past crimes. (Doc. 39 at 20).

Contrary to Mitchell's assertion, the Supreme Court has reaffirmed that sentencing enhancements for recidivists are not construed as a violation of due process or double jeopardy protections or as additional punishment for a previous offense, but instead as harsher penalties for later crimes, which are considered to be aggravated offenses because they are repetitive ones. See Monge v. California, 524 U.S. 721, 728 (1998). Thus, the enhancement of Mitchell's sentence using prior state court convictions did not amount to additional punishment for his earlier offenses or violate the Constitution. See United States v. Carey, 943 F.2d 44, 46 n.4 (1991).

---

47), Mitchell appears to assert that convictions under Alabama's third-degree burglary statute do not qualify as violent felonies under the ACCA. (See Doc. 44 at 3). As an initial matter, the Court notes that Mitchell's prior convictions were for *second-degree* burglary, not third-degree burglary. (See Doc. 19 at 6). More importantly, the record is clear that Mitchell's designation as an armed career criminal was not predicated on any of his prior burglary convictions. (See Doc. 33 at 8-9). Therefore, Mitchell's argument relating to Alabama's third-degree burglary statute is irrelevant.

**D.** **Mitchell's claim that his counsel was ineffective for failing to argue that his ACCA enhancement violated due process and double jeopardy protections is without merit.**

In addition to his substantive claims, Mitchell contends in his original § 2255 motion that his "attorney was ineffective for not raising that courts judgement deprived Defendant of his 5th 14th Amendment Due Process Clause and Double Jeopardy." (Doc. 39 at 20). However, as explained previously, Mitchell's ACCA sentence enhancement did not amount to additional punishment for his previous Alabama convictions or violate any constitutional strictures dealing with double jeopardy or due process. See Parke v. Raley, 506 U.S. 20, 27 (1992) ("[W]e have repeatedly upheld recidivism statutes 'against contentions that they violate constitutional strictures dealing with double jeopardy, *ex post facto* laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities.'") (citations omitted). Mitchell's attorneys were not ineffective for failing to raise or preserve this issue, as a lawyer's failure to raise or preserve a meritless issue cannot prejudice a client. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (per curiam).

**E. Mitchell is not entitled to relief with respect to his conclusory allegations that his counsel rendered ineffective assistance by failing to object to the PSR, coercing him into pleading guilty, and failing to object to the stacking of his sentence.**

Mitchell also briefly asserts that his counsel was ineffective for failing to object to the PSR, "coer[cing]" him into pleading guilty "with the promise of 70 months," and failing to "object to the stacking" of his sentence. (See Doc. 39 at 14; Doc. 48 at 4, 8). However, Mitchell provides absolutely no explanation or support for these assertions. Conclusory allegations of ineffective assistance of counsel are insufficient to state a claim. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam). A § 2255 petitioner's claims of ineffective assistance of counsel are thus subject to dismissal without a hearing when they "are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (quotations omitted).

The record shows that Mitchell's counsel *did* object to a number of findings in the PSR, including, but not limited to, the use of Mitchell's second-degree assault and second-degree burglary convictions to support an ACCA enhancement. (See Doc. 20; Doc. 33 at 3-5, 7). Mitchell's bare (and factually incorrect) assertion that his counsel was ineffective for failing to object to the PSR, without any facts or argument in support, is plainly insufficient

to state a claim for habeas relief, and no hearing or further consideration of this claim is warranted. See Tejada, 941 F.2d at 1559.

Mitchell's assertion that his attorney "coer[c]ed" him into pleading guilty with the promise of a seventy-month sentence is similarly unsupported and at odds with the record. The transcript of Mitchell's guilty plea colloquy reflects that Mitchell denied under oath that any extraneous promises were made to him or that anyone attempted in any way to force, pressure, or threaten him to plead guilty. (Doc. 36 at 9). The record also reflects that Mitchell was specifically informed prior to pleading guilty that he could receive a ten-year term of imprisonment if convicted of Count One, and that it was "possible that [he] could be subject to a term of imprisonment of 15 years to life" if the provisions of § 924(e) applied. (Id. at 9-10). The court also cautioned Mitchell that his sentence "might be different from any estimate your attorney or anyone else might have given you" and that the court had "the authority to impose a sentence that is more severe or less severe than the sentence called for in the guidelines." (Id. at 11-12). Given the foregoing, Mitchell is entitled to no relief on his conclusory and unsupported claim that his attorney "coer[c]ed" him into pleading guilty with the promise of a seventy-month prison sentence.

With respect to Mitchell's unexplained assertion that his
attorney was ineffective for "failure to object to the stacking"
of his sentence, it is unclear what Mitchell is referencing.  The
term "stacking" frequently refers to the practice of charging more
than one § 924(c) violation in a single indictment for a series of
crimes committed close in time and then asking the sentencing court
to treat convictions on subsequent counts as subsequent § 924(c)
convictions, thus triggering a substantially longer mandatory
minimum sentence.  See In re Hernandez, 857 F.3d 1162, 1168 (11th
Cir. 2017) (Martin, J., concurring).  However, unlike defendants
subject to stacked sentences under § 924(c), Mitchell pled guilty
to a single § 922(g)(1) count, and his enhanced sentence was based
on his status as an armed career criminal under § 924(e).  Thus,
the Court fails to see how Mitchell could have been subject to a
"stacked" sentence.  To the extent Mitchell's "stacking" argument
can be construed to allege that his counsel was ineffective for
failing to object to his enhanced sentence under the ACCA, that
assertion is clearly contradicted by the record, which
unambiguously reflects that Mitchell's attorneys objected to
Mitchell's designation as an armed career criminal prior to and
during his sentencing hearing and on direct appeal.

Accordingly, Mitchell's § 2255 motion (Doc. 39) is due to be
**DENIED.**

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**.  See Rule 11(a), Rules Governing Section 2255 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  See 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, without reaching the merits of an underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (citation and internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Mitchell's petition does not warrant the issuance of a certificate of appealability. Mitchell's claims that his second-degree assault conviction does not qualify as an ACCA predicate offense and that the Alabama second-degree assault statute is overbroad are procedurally barred and without merit. Mitchell's claims that his prior convictions for assault with intent to murder and distribution of a controlled substance do not qualify as ACCA predicates, that enhancement of his federal sentence under the ACCA amounts to unconstitutional additional punishment for his earlier state offenses, and that his counsel was ineffective, are also without merit for the reasons explained above. Reasonable jurists could not debate whether Mitchell's claims should be resolved in a different manner or find that Mitchell deserves encouragement to proceed further. The recommendation that

Mitchell's claims be denied is based on the straightforward application of clear Circuit and Supreme Court precedent, and no reasonable jurist could differ on the appropriate disposition of his claims on the record presented. As a result, Mitchell is not entitled to a certificate of appealability and, consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

## V.  CONCLUSION

For the foregoing reasons, it is recommended that Petitioner Larry Jamail Mitchell's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 (Doc. 39), as supplemented (Docs. 44, 48), be **DENIED**, that this action be **DISMISSED with prejudice**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Larry Jamail Mitchell. The undersigned further submits that Mitchell is not entitled to the issuance of a certificate of appealability or to appeal *in forma pauperis*.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **28th** day of **June, 2021.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**