# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                ) | CRIMINAL NO. 16-0256-WS |
| ) | |
| LARRY JAMAIL MITCHELL,    ) | |
| ) | |
| Defendant.       ) | |

## ORDER

This matter is before the Court on the government's amended motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 57).[1]

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A).

Relief under this provision, known as "compassionate release," thus requires satisfaction of four elements: (1) a proper motion; (2) a finding that extraordinary and compelling reasons for such relief exist; (3) a finding of consistency with Sentencing Commission policy statements; and (4) favorable consideration of the Section 3553(a) factors.

---

[1] The government's original motion for such relief, (Doc. 55), is **denied as moot**.

As to the first element, relief may be sought by the Director of the Bureau of Prisons. The government brings this motion on request of the Director, (Doc. 57-3), and the defendant desires the relief sought. (Doc. 57-2).

As to the second element, Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission has done so. U.S.S.G. § 1B1.13. The extraordinary and compelling reasons listed therein are the only ones that can support compassionate release, and district courts lack power to develop others. *United States v. Bryant*, 996 F.3d 1243, 1247-48, 1264-65 (11th Cir. 2021). The government relies on the reason identified in Section 1B1.13(b)(1)(A), which requires a terminal illness, defined as "a serious and advanced illness with an end-of-life trajectory."

The defendant has been diagnosed with locally advanced and inoperable hepatocellular carcinoma (liver cancer), (Doc. 57-5 at 1), and his oncologist estimates his life expectancy as less than twelve months. (Doc. 57-4 at 1; Doc. 57-5). This condition, with this abbreviated life expectancy, has been recognized as a terminal illness for purposes of Section 1B1.13(b)(1)(A). *E.g., United States v. Ramirez*, 2021 WL 4150891 at *9 (S.D.N.Y. 2021); *United States v. O'Leary*, 2021 WL 3677109 at *2 (D. Mont. 2021); *United States v. Chambliss*, 2019 WL 13217464 at *2 (W.D. Tex. 2019).

As to the third element, relief is statutorily prohibited unless the Court finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission …." 18 U.S.C. § 3582(c)(1)(A). The Commission's policy statement includes the requirement that "the court determin[e] that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The Court sentenced the defendant in 2017 as an armed career criminal. (Doc. 21 at 5; Doc. 25 at 1; Doc. 33 at 9, 12). Nevertheless, in light of the

passage of time, the defendant's advanced age,[2] his limited mobility,[3] and his abbreviated life expectancy, the Court determines that he is not a danger to the safety of any other person or to the community.[4]

As to the fourth element, the defendant has served over seven years of his sentence for possession of a firearm as a felon, and his projected release date of September 2028 is less than four years in the future. Upon consideration of the Section 3553(a) factors, the Court concludes that the extraordinary and compelling reason established by the record warrants the requested reduction in sentence.

For the reasons set forth above, the defendant's motion for sentence reduction and compassionate release is **granted**. The defendant's previously imposed sentence of 180 months is reduced to **time served**, subject to the following provisions:

1. This order is **stayed** for up to 14 days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended; and

2. The defendant's previously imposed terms and conditions of supervised release are unchanged.

---

[2] The defendant is 74 years of age. (Doc. 21 at 2).

[3] Although the defendant is independent in activities of daily living, he requires a walker to ambulate. (Doc. 57-4 at 2-3).

[4] The defendant intends to reside with his sister and her husband in Fairhope, Alabama, and the United States Probation Office has given its approval to this plan. (Docs. 57-2, 57-6, 57-7).

DONE and ORDERED this 3rd day of Decmber, 2024.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE